FAYER GIPSON LLP
Gregory A. Fayer (State Bar. No. 232303)
GFayer@fayergipson.com
Minh Z. Kuo (State Bar No. 247489)
MKuo@fayergipson.com
2029 Century Park East, Suite 3535
Los Angeles, California 90067
Telephone: 310.557.3558
Facsimile:  310.557.3589

Attorneys for Plaintiff
Cinezeta Internationale
Filmproduktionsgesellschaft mbH & Co
1. Beteiligungs KG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| Cinezeta Internationale Filmproduktionsgesellschaft mbH & Co 1. Beteiligungs KG,<br><br>Plaintiff,<br><br>v.<br><br>James Seibel, an individual; Bill Johnson, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:CV14-5049 JFW (AS)<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES FROM LOTUS MEDIA LLC DBA LOTUS ENTERTAINMENT**<br><br>Judge: Hon. Alka Sagar<br>Courtroom: F – 9th Floor<br><br>Hearing Date:    January 15, 2015<br>Hearing Time:    10:00 a.m.<br><br>Action Filed:         June 27, 2014<br>Discovery Cut-Off: June 29, 2015<br>Motion Cut-Off:    July 6, 2015<br>Trial Date:            August 18, 2015 |

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Central District Local Rules 45-1 and 37-2.3, plaintiff Cinezeta Internationale Filmproduktionsgesellschaft mbH & Co 1. Beteiligungs KG ("Plaintiff" or "Cinezeta"), hereby submits this supplemental memorandum of points and authorities in support of its motion to compel further discovery responses ("Motion") from third party Lotus Media LLC dba Lotus Entertainment ("Lotus").

## I. INTRODUCTION

Cinezeta's Motion to Compel further responses from Lotus raises the same single issue as its Motion to Compel further responses from Defendants: whether Cinezeta is entitled to take discovery concerning Lotus, one of some forty-four Related Entities alleged in the Complaint. As explained in Cinezeta's portion of the Joint Stipulation and more fully below, allegations regarding the Related Entities as a whole and Lotus specifically permeate the Complaint. These allegations are part and parcel of Cinezeta's alter ego claims. Defendants did not move to strike these allegations. The allegations concerning Lotus and the Related Entities thus remain integral to the operative pleading on its face, and Cinezeta is entitled under settled law to take discovery to support the factual allegations in its Complaint unless and until those allegations are stricken or dismissed (which they have not been).

This Motion does not concern matters that are tangential or obliquely related to the allegations in the Complaint. All of the disputed discovery concerns documents and information about matters that are squarely alleged in the Complaint. Cinezeta is entitled to this discovery. Lotus' boilerplate objections, based principally upon relevance and burden, fall far short of meeting their "heavy burden" of showing why the subpoena is oppressive. Cinezeta accordingly requests that the Court grant its Motion and award its fees and costs in litigating the Motion.

## II. ARGUMENT

### A. Cinezeta Is Entitled to Take Discovery to Support the Factual Allegations in Its Complaint

Allegations regarding Lotus and the other Related Entities permeate Cinezeta's Complaint. Cinezeta's Complaint contains no less than *fifteen* separate factual allegations regarding the Related Entities. *See* Kuo Decl. Ex. A (Dkt. No. 67-1) Complaint ¶¶ 7, 8, 12, 36-51. Furthermore, the Complaint expressly alleges that Lotus is the primary instrument used by Defendants to continue their scheme and is the "successor" to the Inferno Entities. *Id.* ¶ 42, 46, 47.

It is axiomatic that "[p]laintiffs are entitled to discovery regarding the factual allegations stated in their complaint." *In re iPhone/iPad Application Consumer Privacy Litig.*, 2012 WL 5897351 at *5 (N.D. Cal. Nov. 21, 2012). Cinezeta is thus entitled to take discovery from Lotus regarding these factual allegations in its Complaint.

### B. Discovery Concerning Lotus Is Relevant to Both Elements of the Alter Ego Analysis

Cinezeta's opening papers clearly set forth the required elements of an alter ego claim – a "unity of interest" and an "inequitable result" – and described in detail how discovery regarding the Related Entities relates to each element. Instead of attempting to refute the relevance of the Lotus discovery to each element, Lotus instead conflates all of the elements together and attempts to draw ultimately unavailing distinctions in the case law in creating a new standard for discoverability.

Lotus attempts to argue that the Lotus discovery should not be allowed because evidence establishing that Defendants are the alter egos of Lotus cannot establish that Defendants are also the alter egos of the Inferno Entities. Lotus cites no authority to support this argument, which is expressly contradicted by the case law cited by Cinezeta in its opening papers. *Greenspan v. LADT, LLC*, 191 Cal. App. 4th 486, 510 (2010). Lotus instead attempts to distinguish the enterprise at issue in *Greenspan,*

1 arguing that Lotus and the Related Entities can only be relevant if they are also named as defendants in the Complaint. But Lotus has manufactured this argument out of whole cloth; nothing in *Greenspan* can be interpreted to support such a proposition. As Lotus itself notes, *Greenspan* does not involve a discovery dispute. What *Greenspan* stands for, and what Lotus does not deny, is the proposition that Defendants' conduct of a single enterprise is relevant to their alter ego liability for each member of that enterprise. Thus, discovery regarding Lotus clearly easily surpasses the threshold for discoverability set by Rule 26.

Additionally, Lotus' contentions fail to address the "inequitable result" element *at all*. The relevance of the Lotus discovery to establishing the inequitable result prong is extremely straightforward, as set forth in Plaintiff's opening papers: the Requests seek documents and information that demonstrate *inter alia* that Defendants engaged in a scheme to transfer or otherwise dissipate the assets of the Inferno Entities and concentrate them in newly-formed Related Entities, including Lotus, in order to prevent Cinezeta from recovering the Judgment against the Inferno Entities. (Dkt. No. 67 at 368). The relevance of this evidence to showing an "inequitable result" is clear – indeed, it is the very same behavior that justified a finding of an "inequitable result" in Cinezeta's prior action against the Inferno Entities. *Id.* at 368. In sum, Lotus has failed to meet its "heavy burden" of showing why this discovery should not be allowed. *Heat & Control, Inc. v. Hester Indus., Inc.,* 785 F.2d 1017, 1025 (Fed. Cir. 1986).

### C. The Joint Stipulation Meets the Requirements of Local Rule 37

Lotus' attempts to persuade the Court that there is some procedural defect in the Joint Stipulation (Dkt. No. 67 at 376) are unavailing. Lotus asserts that Local Rue 37 requires Cinezeta to "'separately' state its contention with respect to each particular discovery request in dispute." *Id.* But LR-37 contains no such requirement. It says only that the joint stipulation must "contain all *issues* in dispute." L. R. 37-2.1. Here, there is but one issue raised by Cinezeta's Motion: whether Cinezeta is entitled to take

3
SUPPLEMENTAL MEMORANDUM ISO PLAINTIFF'S MOTION TO COMPEL

discovery into Defendants' relationship with and conduct of Lotus as alleged in the Complaint.  Tellingly, Lotus' hundreds of boilerplate objections to each of the disputed requests *are exactly the same*.  In light of this, Lotus' assertion that its "ability to respond to the contentions for each discovery item" has somehow been hindered in some unexplained way rings hollow.[1]

Lotus' apparent contention that a movant must repeat the very same arguments hundreds of times, despite the fact that the issues in dispute are the same, is frankly absurd.  It would add hundreds of redundant pages to the Joint Stipulation and would result in a colossal waste of the Court's and counsel's time and resources.  It is also contrary to common practice in this District, including in both parties' motions to compel in the Prior Action, where requests raising the same or similar issues are grouped together for the convenience of the parties and the Court.  Lotus' sophistical reading of the Local Rules should be rejected.

### D.     The Court Should Deny Lotus' Request for a Stay

Lotus, which is represented by the same counsel as Defendants and which has essentially repeated verbatim Defendants' position in Lotus' portion of the joint stipulation, makes an identical request for an effective stay of discovery.  This request is unfounded and frivolous.  This is clear from the fact that Defendants' first four requests (made by Lotus' counsel) – which were all premised upon precisely the same arguments – were all rejected.  As this Court noted in its order on December 19, 2014, "there is no indication that the district court's order extending the deadlines in this case was intended to serve as a request for delay in conducting discovery." (Dkt. No. 65).  Given that Defendants' arguments have been considered and rejected four times already, there is no basis whatsoever for them to raise them again here.

Furthermore, following the filing the Motion, Lotus has refused to even offer any dates for a 30(b)(6) deposition pursuant to the subpoena.  The Court should not

---

[1] Indeed, while Plaintiff categorized many of its Discovery Requests for the Court's convenience, it was not required to do so, as Lotus made only a single, blanket relevance objection.

4

SUPPLEMENTAL MEMORANDUM ISO PLAINTIFF'S MOTION TO COMPEL

1 countenance Defendants' and Lotus' repeated requests to avoid their most basic
2 discovery obligations.

### E. Cinezeta Should be Awarded Its Costs and Attorney's Fees

Lotus' wholesale and blanket refusal to provide *any* documents or information in response to hundreds of Discovery Requests is without substantial justification, and Cinezeta should be awarded its costs and fees incurred in preparing the Motion pursuant to Federal Rule of Civil Procedure 37. F.R.C.P. 37(a)(5)(A).

Likewise, given the relevance of the Discovery Requests and the fact that Plaintiff has no other method of securing the discovery it is entitled to without Court intervention, Cinezeta's Motion is substantially justified and Lotus' request for fees and costs should be denied under F.R.C.P. 37(a)(5)(B).

### III. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion in its entirety and order Lotus to respond fully to the Discovery Requests and designate a 30(b)(6) witness within seven (7) days, and order Defendants to pay Plaintiff's attorneys' fees and costs incurred in preparing the Motion.

DATED: December 31, 2014
FAYER GIPSON LLP
GREGORY A. FAYER
MINH Z. KUO

By /s/Minh Z. Kuo
    MINH Z. KUO
Attorneys for Plaintiff Cinezeta